LANDRY, Judge.
This appeal by plaintiff Harry Boud-reaux (Appellant) is from judgment rejecting his demands against defendants Ralph Falsetta, an uninsured motorist, and Southern Farm Bureau Casualty Insurance Company, Appellant’s insurer, pursuant to a policy containing an uninsured motorist clause, for personal injuries and related expense sustained and incurred by Appellant in an automobile accident. The trial court rejected Appellant’s demands upon finding Appellant contributorily negligent. We affirm.
The issues presented on appeal are purely factual. The accident occurred at approximately 10:45 P.M., May 1, 1973, at the exit of the Sunshine Square Shopping Center (Center) and Louisiana Highway 1, south of Donaldsonville, Louisiana. At the accident scene the paved, two lane highway runs in a northerly-southerly direction and is straight and level. On the east and west side of the highway are situated shoulders approximately six feet wide. At the time of the accident the night was clear and the roadway dry. Defendant, accompanied by his wife and Mr. and Mrs. Harvey Blanchard, was leaving the Center after having dined at a restaurant situated on the west side of Highway 1. As defendant was in the act of turning left onto the highway to proceed northerly, his vehicle was struck on its left side by Appellant’s automobile being driven by Appellant who was proceeding southerly in his proper lane of travel.
The testimony concerning the occurrence of the accident, as given by the opposing parties, is totally irreconcilable. Appellant testified he was proceeding southerly in the southbound lane at a speed of approximately SO miles per hour. He was thoroughly familiar with the highway, having lived in the area for some time. He was proceeding homeward after having taken a ride to Donaldsonville. He first noticed the Falsetta vehicle approach the Center exit when he was approximately 150 feet north of the exit. He assumed the vehicle, evidently about to enter the highway, would yield the right of way to him. Nevertheless, he cautiously removed his foot from the accelerator of his car and pulled slightly to his left to about the center of the highway. When he reached a point approximately 125 feet north of the Center exit, he realized Falsetta was going to enter the highway without stopping. Appellant then applied his brakes full force and veered to his right in an effort to avoid the impending collision. When he applied *516 his brakes his vehicle began sliding to the right, or in a westerly direction. The right rear side of his vehicle struck the left rear side of the Falsetta automobile in the southbound lane.
The accident was investigated by Officer Larry Landry, Donaldsonville Police Department, who testified that speed limit in the area was 50 miles per hour. The Officer found skid marks commencing on the center line of the highway 140 feet from what Landry determined to be the point of impact. He found the point of impact to be approximately in the center of the southbound lane and the center of the exit which was wide enough to accommodate three cars abreast. He fixed the point of impact by debris found in the center of the) southbound lane, at which spot the skid marks ended. He found no skid marks south of the point of impact. Officer Landry also found that Appellant’s vehicle traveled an additional 100 feet south of the point of impact and overturned and came to rest on its top in the ditch on the west side of the highway. He further found that defedant’s car swung around about 30 feet from the point of impact and came to rest with its rear wheels in the ditch on the east side of the highway, a few feet north of the exit, its front extending approximately five feet into the northbound lane, He fo.und the rear portion of the right side of Appellant’s car struck the rear part of the left side of defendant’s automobile. He stated that upon interrogating Appellant, he was told that Appellant did not see the Falsetta vehicle until it was too late. He related that he smelled a faint trace of alcohol on Appellant’s breath and attempted to take a sobriety test of Appellant at the hospital to which Appellant was removed following the accident. He added he did not take the test because he was informed by Appellant’s attending physician that such tests were contrary to ' hospital policy.
Defendant Falsetta and his guest passenger Harvey Blanchard, who sat on the front seat beside Falsetta, testified in essence that defendant stopped at the exit before entering the highway, in obedience to a stop sign situated there. Blanchard looked to the right and assured Falsetta there was no traffic approaching from the south. Falsetta looked to his left, north, and noted the approach of Appellant’s vehicle which Falsetta judged to be 150 to 200 yards distant. Both witnesses testified that Falsetta drove onto the highway, entered the northbound lane and proceeded approximately 40 to 50 feet therein when suddenly plaintiff’s vehicle veered to its left and sideswiped the Falsetta car.
Mrs. Falsetta and Mrs. Blanchard testified essentially that Falsetta stopped in the exit before entering Highway 1. Neither witness was aware of the approach of the Boudreaux car. Both stated, however, they believed the Falsetta vehicle was completely in the northbound lane at the moment of impact.
In oral reasons dictated into the record, the trial court apparently pretermitted the issue of defendant’s negligence and rejected Appellant’s claim on finding Appellant guilty of contributory negligence in traveling at an excessive rate of speed and failing to maintain a proper lookout. Based on the skid marks left by Appellant’s vehicle and the distance it traveled following impact, the trial court found in effect that Appellant was traveling at approximately 70 miles per hour. The trial court also found Appellant negligent in failing to timely note the presence of defendant’s vehicle.
It is well established law that the finding of facts by trial court are to be accorded great weight on appeal. Where such findings are based on evidence, which after evaluation of credibility furnishes a reasonable factual basis for the trial court’s findings, an appellate court on review should not disturb or overrule such factual findings except on a showing of manifest error. Canter v. Koehring Com *517 pany, La., 283 So.2d 716, and authorities therein cited.
Where there is conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact made and found by a trial court should not be disturbed on appeal even though the reviewing court feels that its own but different inferences are as reasonable. Canter v. Koehring Company, above.
Under the circumstances of this case we find no manifest error in the trial court’s conclusions that Appellant’s claim is barred by Appellant’s contributory negligence in the respects found. On the contrary, we find the physical facts support the findings made below.
The judgment is affirmed at Appellant’s cost.
Affirmed.